UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRITTANY MARIA CAUGHLIN PIAS ET AL, <br> Plaintiff | CIVIL DOCKET NO. 1:24-CV-01256 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DALLAS AIRMOTIVE INC ET AL, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Jimmy Paul Leblanc ("Leblanc"). ECF No. 21. LeBlanc argues he is improperly joined because, prior to removal, he was entitled to dismissal from suit due to his exception of lis pendens. *Id.* at 2. Also before the Court is a Motion to Remand filed by Plaintiffs, Brittany Maria Caughlin Pias, Anna Pias Fournet, and Huxley W Pias (collectively, Plaintiffs). ECF No. 23. Plaintiffs maintain the Court lacks subject matter jurisdiction, and thus that the case must be remanded, because LeBlanc was *not* improperly joined.

LeBlanc's argument rests upon the flawed inference that the mere *pendency* of a Notice of Lis Pendens filed in state court, but not acted upon, effectively constituted a dismissal of LeBlanc from the lawsuit. In his absence, LeBlanc argues, there is complete diversity and therefore subject matter jurisdiction in this Court.

1

But LeBlanc remained a defendant in state court at the time of removal, as the state court had not acted upon LeBlanc's Notice. LeBlanc was not terminated *ipso jure* when the Notice was filed. And the Notice did not transfer to this Court, necessitating LeBlanc's dismissal. And LeBlanc was not unfairly deprived of the defense, because the defense is not absolute. Instead, the exception requires the result reached here.

Also before the Court is a Motion to Remand filed by Plaintiffs (ECF No. 23). Plaintiffs argue the Court lacks subject matter jurisdiction because there is not complete diversity among the parties, that Defendants' removal was procedurally defective because all Defendants did not consent to removal, and independently, that LeBlanc is a properly joined defendant. ECF NO. 23-1 at 5. However, in improper joinder cases like this one, the non-diverse defendant is not required to consent before removal. Plaintiffs' claim against LeBlanc remained and still remains viable. Complete diversity is lacking, and remand is therefore warranted. LeBlanc's Motion to Dismiss (ECF No.21) should be DENIED. And Plaintiffs' Motion to Remand (ECF No. 23) filed by the Plaintiffs should be GRANTED.

I.  **Background**

This lawsuit arises from the fatal crash of a single engine aircraft on the morning of Augst 2, 2022, which resulted in the death of William Pias. LeBlanc – a Louisiana citizen - is an aviation mechanic who had performed maintenance, repair and service on the aircraft's engine preceding the accident. He and several other defendants who had manufactured and/or maintained various aircraft parts were

2

sued under theories of strict liability, failure to warn, negligence, and breach of express and implied warranties. ECF No. 1-2 at 12-19.

Plaintiffs originally filed the instant suit in the Ninth Judicial District Court in Rapides Parish (the "Ninth JDC"). ECF No. 1-2 at 1. However, LeBlanc filed a declinatory exception of lis pendens and peremptory exception of no jurisdiction, based on Plaintiffs having previously filed suit against him in Acadia Parish. ECF No. 1-14 at 1. Questions about overlapping parties and claims remained. But before the Ninth JDC ruled on the pending exceptions, Defendants removed to federal court, alleging improper joinder and diversity. ECF No. 1.

After removal, LeBlanc filed the Motion to Dismiss. ECF No. 21. On the same date, Plaintiffs filed the Motion to Remand. ECF No. 23. Defendants jointly filed a Memorandum in Opposition to Plaintiff's Motion to Remand. ECF No. 32).

II. <u>Law and Analysis</u>

    A. **Leblanc's Motion to Dismiss Under Rule 12(b)(1) should be denied.**

        1. Rule 12(b)(1)

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. See *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. 28 U.S.C. § 1332(a). Subject matter jurisdiction must exist at the time of removal, based on the allegations contained in

the complaint. See *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Dir. 1998).

Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdictioconsentn." 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. See *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. See *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); see also *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).

The doctrine of improper joinder is a narrow exception to the complete diversity requirement. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. See *Gasch,* 491 F.3d at 281 (5th Cir. 2007). Importantly, "to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant at the time of removal." *Flagg v. Stryker Corp.,* 819 F.3d 132, 137 (5th Cir. 2016).

Where a defendant relies on the second prong, the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants. *Cuevas*, 648 F.3d at 249 (internal citations and quotations omitted).

A court may predict whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. See *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005). First, a court may conduct a Rule 12(b)(6)- type analysis, looking initially at the allegations of the complaint to determine whether plaintiff states a claim under state law against the in-state defendant. See *Smallwood*, 385 F.3d at 573. Alternatively, a defendant may challenge the plaintiff's allegations and attempt to demonstrate by "summary-judgment-type" evidence that the plaintiff is unable to prove all the facts necessary to prevail. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). "[A] court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.*[1]

---

[1] Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Smallwood*, 385 F.3d at 573. However, the court may undertake a summary inquiry to determine if there are "discrete and undisputed facts that would preclude recovery against

5

### 2. Lis pendens

A defendant may seek dismissal of a plaintiff's claims under La C.C.P. Art. 531, the exception of lis pendens, which provides that:

> when two or more actions are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first action dismissed[1] by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the actions, but the first final judgment rendered shall be conclusive of all.

To assert a viable a viable exception of lis pendens, a defendant must establish that: (1) there [are] two or more pending suits or actions; (2) the pending suits must involve the same transaction or occurrence; (3) the pending suits must involve the same parties in the same capacities. Jenkins v. Willow Incorporated, 353 So.3d 767 (La. App. 5 Cir. 2016), writ denied 210 So.3d 291 (La. 2016). An exception of lis pendens should be sustained if a final judgment in the first suit would be res judicata in the subsequently filed suit. Gamble v. Gamble, 354 So.3d 864 (La. App. 2 Cir. 2023).

---

the in-state defendant." *Id.* at 573-74 (the *Smallwood* court cites examples of appropriate summary inquiries to include circumstances where "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved as not true.") Although a court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

Here, no summary inquiry is necessary; the motions can be decided without reference to information beyond the sworn allegations and attached exhibits. The facts and record underlying the removal from the Ninth JDC resolve the question before the Court.

Furthermore, the filing of new suit naming new and additional parties cannot defeat exception of lis pendens. The party to the earlier filed suit is entitled to have the later filed suit dismissed as to him, and the new parties remain in the later filed suit. *Dean v. Delacroix Corp.*, 853 So.2d 769 (La. App. 4 Cir. 2003); *see also Fincher v. Insurance Corp. of America, 521 So.2d 488* (La. App 4 Cir. 1988).

Cases analyzing the exception of lis pendens under similar circumstances are scarce. But in the most comparable case decided by another court in our circuit, the United States District Court for the Eastern District of Louisiana declined to dismiss a non-diverse defendant, because the defendants' exception of lis pendens – which was pending in state court at the time of removal – did not require dismissal of the non-diverse defendant in that case. Rather,

> [w]ith respect to Defendants' losing the availability of their *lis pendens* exception in state court, this defense is not absolute, such as an exception based on the statute of limitations; rather, the exception of *lis pendens* simply forces the case to proceed in the court in which the case was first filed. Again, the same law would apply to Plaintiffs' claims regardless of whether the case proceeds in state or federal court. Because granting Plaintiffs' motion to dismiss would not "allow [P]laintiff[s] to select a different body of law unfavorable to [D]efendant[s'] position," the Court will not deny Plaintiffs' motion to dismiss on this basis.

*Lester v. Exxon Mobil Corp.*, 383 F. Supp. 3d 618, 627 (E.D. La. 2019) (internal citations and quotations omitted).

Furthermore, the filing of new suit naming new and additional parties will not defeat exception of lis pendens. The party to the earlier filed suit is entitled to have the later filed suit dismissed as to him, and the new parties remain in the later filed

7

suit. *Dean v. Delacroix Corp.*, 853 So.2d 769 (La. App. 4 Cir. 2003); *see also Fincher v. Insurance Corp. of America*, 521 So.2d 488 (La. App 4 Cir. 1988). Rather, the Fifth Circuit has recently emphasized that "[w]e conduct our improper joinder analysis 'on the basis of claims in the state court complaint as it exists at the time of removal. . . .' Thus, while we will not entertain new theories not raised in state court, we will examine the [plaintiffs'] state-court pleadings and the viability of those claims alleged against Whole Foods, deferring to resolve any doubt or ambiguities in favor of remand." *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024), *cert. granted in part,* 145 S. Ct. 1960, 221 L. Ed. 2d 737 (2025). Identica; reasoning applies here.[2]

The present record contains sufficient facts from which the Court may decide the motions conclusively. LeBlanc filed his exception of lis pendens in Rapides Parish before removal. The basis of his exception was that, one year prior to Plaintiffs filing suit in Rapides Parish against him, the same Plaintiffs had filed suit against him in Acadia Parish. There seems to be little dispute that both suits arose out of the same transaction and occurrence, namely, the August 2, 2022 plane crash that resulted in the death of William Pias. It is also clear that both suits involve the Plaintiffs and LeBlanc in the same capacities, although overlap among additional parties in the

---

[2] In the last instance, Plaintiffs could still reasonably hope to recover from LeBlanc in Acadia Parish – which would exemplify the underlying purpose of the exception itself: to force the case to proceed before a particular state court. *Lester,* 383 F. Supp. 3d at 627.

Acadia Parish lawsuit remains disputed. Without reference to the record in Acadia Parish, however, it is clear that the parties and claims before the state court did not change following removal. Remand is therefore warranted.

### B. Plaintiffs' Motion to Remand should be granted.

Upon LeBlanc's dismissal, complete diversity will no longer exist. This Court will therefore be divested of subject matter jurisdiction, which will then necessitate remand. *See, e.g.*, *White v. Protective Ins. Co.*, No. CV 3:22-05186, 2023 WL 1936371, at *6 (W.D. La. Jan. 26, 2023), *report and recommendation adopted,* No. CV 3:22-05186, 2023 WL 1930364 (W.D. La. Feb. 10, 2023).

Nor was LeBlanc required to consent before removal. "[A] defendant alleging fraudulent joinder . . . is not required to obtain consent of co-defendants before removing [the] case. See Jernigan v. Ashland Oil, Inc., 989 F.3d 812, 815 (5th Cir.1993). Applying the consent requirement "to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Mendoza v. Old Republic Ins. Co.*, No. CIV.A. 11-3040, 2012 WL 2049525, at *5 (E.D. La. June 6, 2012); *see also Ehle v. Williams & Boshea, L.L.C.,* No. CIV.A. 01-3757, 2002 WL 373271, at *3 (E.D. La. Mar. 7, 2002).

### III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Motion to Dismiss filed by Defendant Jimmy Paul Leblanc (ECF No. 21) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 23) be GRANTED, and that this lawsuit be REMANDED to the Ninth Judicial District Court in Rapides Parish, Louisiana.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 24, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE